UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| JIMMIE BAILEY, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:19-cv-00053-GFVT |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| KENTUCKY DEPARTMENT OF | ) **&** |
| CORRECTIONS, et al., | ) **ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jimmie Bailey is an inmate currently confined at the Green River Correctional Complex in Central City, Kentucky, but previously confined at a variety of other Kentucky Department of Corrections facilities. Bailey has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 1], and the Court granted his motion to proceed *in forma pauperis* by prior order. [R. 6.] The Court now conducts an initial screening of Bailey's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. *See Hill v. Lappin*, 630 F.3d 468, 47071 (6th Cir. 2010).

In his complaint, Bailey alleges that the Kentucky Department of Corrections and a variety of individual defendants have failed to apply the appropriate amount of good time credit to his sentence. Bailey does not seek monetary damages but rather "seeks to reverse the decision held by the Kentucky Department of Corrections, and affirm Petitioner's declaratory request of 180 days educational good time credit to be awarded to Petitioner's sentence time." [R. 1 at 5.] This is a claim Bailey must make in a habeas, not 42 U.S.C. § 1983, proceeding.

Pursuant to *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the restoration of good time credits must be litigated in a petition for a writ of habeas corpus, not a civil rights complaint. *See*

*Preiser*, 411 U.S. at 500 ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).  The Court further notes that Bailey may only seek federal habeas corpus relief after exhausting all remedies available from the state courts.  *See* 28 U.S.C. § 2254(b)(1)(A).  Because Bailey's only request for relief—the application of 180 days of good time credit to his sentence—is not cognizable in this civil rights action, Bailey has failed to state a claim upon which relief may be granted.  His case will thus be dismissed upon screening.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A.

Accordingly, the Court hereby **ORDERS** as follows:

1. Plaintiff Bailey's complaint [R. 1] is **DISMISSED**;

2. Judgment shall be entered contemporaneously herewith; and

3. This matter is **STRICKEN** from the Court's active docket.

This the 16th day of August, 2019.

Gregory F. Van Tatenhove
United States District Judge